# FILED

October 23 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# RULES OF PROCEDURE OF THE
# COMMISSION ON CHARACTER AND FITNESS
# OF THE
# SUPREME COURT OF MONTANA

*Effective October 23, 2012*

## SECTION 1: PURPOSE

The primary purposes of character and fitness screening before admission to the Bar of Montana are to assure the protection of the public and safeguard the justice system. An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them.

The public is adequately protected only by a system that evaluates the character and fitness as those elements relate to the practice of law. The public interest requires that the public be secure in its expectation that those who are admitted to the bar are worthy of the trust and confidence clients may reasonably place in their attorney.

## SECTION 2: DEFINITIONS

Except as otherwise indicated, the following definitions apply:

(a)     "Applicant" as used in these rules refers to any person applying or reapplying for temporary or permanent admission to practice law in Montana. This does not include those applying for admission pro hac vice.

(b)     "Commission" as used in these rules refers to the Commission on Character and Fitness, whose members are appointed by the Montana Supreme Court.

(c)     "Fitness" as used in these rules is the assessment of mental and emotional health and condition as it affects the competence of a prospective attorney. The purpose of requiring an applicant to possess this fitness is to exclude from the

1

practice of law any person having a mental or emotional illness or condition which would be likely to prevent the person from carrying out duties to clients, courts, or the profession. An applicant may be of good moral character, but may be incapacitated from proper discharge of his or her duties as an attorney by such illness or condition. The fitness required is a present fitness, and prior mental or emotional illness or conditions are relevant only so far as they indicate the existence of a present lack of fitness.

(d)     "Good Moral Character" as used in these rules refers to the qualities of fairness, discreetness, honesty, reasonableness, unquestionable integrity, and ability and willingness to act in accordance with the standards set forth in the Montana Rules of Professional Conduct.

(e)     "Certification" as used in these rules refers to permission to sit for the Montana bar examination and/or be admitted to the practice of law in Montana.

(f)     "State Bar of Montana" is the entity administratively serving the Commission, providing staff and prosecutorial support.

## SECTION 3:  GENERAL POWERS

(a)     Administration of Oaths.  Any member of the Commission shall have power to administer oaths in relation to any matter within the functions of the Commission.

(b)     Admission to the Bar.  The Commission shall conditionally or unconditionally certify to the Supreme Court for admission to the Bar such applicants, and only such applicants, who possess the necessary qualifications of good moral character and fitness to practice law, as defined in these rules.

(c)     Commission and Staff Judicial Immunity.  In exercising its functions and powers, the Commission, its members, employees, and all personnel through whom the Commission functions, including the State Bar of Montana and mentors mandated by the Commission, shall enjoy such judicial immunities as the Montana Supreme

Court would enjoy if performing the same functions. The Commissioners and/or their designees shall not disclose to any third party any information obtained with respect to the character and fitness of any applicant, declarant, or conditionally certified applicant, except:

1. upon written authority of such applicant, declarant, or conditionally certified applicant;

2. in response to valid subpoena from a court of competent jurisdiction;

3. to the Montana Supreme Court, the Montana Supreme Court Commission on Practice, Office of Disciplinary Counsel, the Montana Board of Bar Examiners, or the Montana Lawyers Assistance Program;

4. upon written request from other admitting bar agencies or other bar associations when accompanied by an authorization and release duly executed by the person about whom such information is sought;

5. upon written request from the law school from which the applicant will graduate or has graduated; and

6. to the National Conference of Bar Examiners.

(d) Subpoena Power. The Commission chair shall have power to issue subpoenas for the attendance of witnesses or for the production of documentary evidence before the Commission or before anyone authorized to act on behalf of the Commission. The party desiring issuance of such subpoena shall apply therefor with the Commission.

(e) Taking of Testimony. Any member of the Commission, and any other person who has the power to administer oaths, shall have power, upon order of the Commission, to take testimony in reference to any matter within the function of the Commission.

(f) Third-Party Privilege. Records, statements of opinion, and other information regarding an applicant for admission to the bar communicated in good faith and without malice by any entity, including any person, firm, or institution, to the

3

Commission or its members, employees, or agents are privileged, and no evidence thereof is admissible in any lawsuit. Waiver, if any, of such privilege by voluntary disclosure shall be determined under M. R. Evid. 503.

(g)    Fees and Expenses. Commission members shall be entitled to actual and necessary travel and per diem compensation provided by the State Bar of Montana for its committees. The Commission may engage professional staff through the State Bar of Montana necessary to accomplish its tasks.

(h)    Other Powers. The Commission shall have such other powers as are set out in the Rules for Admission to the Bar of the State of Montana. The powers set out in these rules regarding subpoenas, discovery, and testimony shall be governed where applicable by the Montana Rules of Civil Procedure.

## SECTION 4: MORAL CHARACTER & FITNESS

(a)    Every applicant for admission to the Bar of Montana shall be of good moral character and fitness. The applicant shall have the burden of proving by clear and convincing evidence that he or she is possessed of good moral character and fitness. No applicant shall be certified by the Commission to the Bar Admissions Administrator for examination and/or admission to the Bar of Montana unless such applicant first produces satisfactory evidence to the Commission of good moral character and an adequate knowledge of the standards and ideals of the profession and that such applicant is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney. The Commission must be convinced that prior or present conduct of the applicant of which the Commission becomes aware would cause a reasonable person to believe that such applicant would, if admitted to practice law in Montana, be willing and able to act in accordance with the standards set forth in the Montana Rules of Professional Conduct, and would act fairly, discreetly, honestly, reasonably, and with unquestionable integrity in all matters in which he or she acts as an attorney at law. An attorney should be one whose record of conduct justifies the

trust of clients, adversaries, courts, and others with respect to the professional duties owed to them. A record manifesting a lack of honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for denial of admission.

(b)     Evidence of any of the following will be treated by the Commission as cause for further inquiry before the Commission decides whether the applicant possesses the character and fitness to practice law:

1.     Unlawful conduct;

2.     Academic misconduct;

3.     Making or procuring any false or misleading statements or omissions of relevant information, including any false or misleading statement or omission in the Application for Admission to the Bar of Montana, or in any testimony or sworn statement submitted to the Commission;

4.     Misconduct in employment;

5.     Acts involving dishonesty, fraud, deceit, or misrepresentation;

6.     Abuse of legal process;

7.     Neglect of financial responsibilities;

8.     Neglect of professional obligations;

9.     Violation of an order of the court;

10.    Current mental or emotional illness or disorder;

11.    Drug or alcohol dependency;

12.    Denial of admission to the bar in another jurisdiction on character and fitness grounds;

13.    Disciplinary action by a lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction; and

14.    Any other conduct which reflects adversely upon the character or fitness of the applicant.

(c)     In making the determination on character and fitness of each applicant, the following factors shall be considered in assigning weight and significance to prior

conduct of the applicant:

1. The applicant's age at the time of the conduct;

2. The recency of the conduct;

3. The reliability of the information concerning the conduct;

4. The seriousness of the conduct;

5. The factors underlying the conduct;

6. The cumulative effect of the conduct or information;

7. The evidence of rehabilitation;

8. The applicant's positive social contributions since the conduct;

9. The applicant's candor in the admission process; and

10. The materiality of any omissions or misrepresentations.

(d)  An applicant may, by written request to the Commission on Character and Fitness, withdraw an Application for Admission at any time. However, in such event, the Commission may continue its investigative and adjudicatory functions to conclusion. Failure on the part of the applicant to provide requested information and/or documentation within a reasonable amount of time may result in denial of certification for examination and/or admission.

(e)  Alternatively, an applicant may, by written request, withdraw with prejudice an application for admission to the Bar of Montana. The Commission shall accept the withdrawal with prejudice and shall immediately dismiss its investigative and adjudicatory functions. An applicant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to the Bar of Montana.

(f)  An applicant who has been disbarred from the practice of law in another jurisdiction shall not be eligible to apply for admission to the Bar of Montana for a period of five (5) years from the date of disbarment. The applicant must also submit written proof of compliance with the terms and conditions of his or her disbarment or proof of good standing from the state in which he or she was disbarred.

(g)    An applicant who has been suspended from the practice of law in another jurisdiction shall not be eligible to apply for admission to the Bar of Montana until expiration of the period of suspension and until the applicant has submitted written proof of compliance with the terms of the suspension.

(h)    An applicant who resigned from the practice of law in another jurisdiction in lieu of discipline or in lieu of cooperating with the disciplinary process shall not be eligible to apply for admission to the Bar of Montana for a period of five (5) years from the date of resignation.

(i)    An applicant who initiated the admissions process in another jurisdiction, but was denied admission or withdrew from the process prior to a final determination on admission in that jurisdiction, shall not be eligible to apply for admission to the Bar of Montana until the original jurisdiction has made a final determination on the applicant's admissibility in that jurisdiction, unless the Commission grants a waiver for good cause shown.

(j)    An applicant found guilty of a felony is conclusively presumed not to have present good moral character and fitness.  The presumption ceases upon completion of the sentence and/or period of probation.

(k)    There shall be a rebuttable presumption that nondisclosure of a material fact on the application is prima facie evidence of the lack of good character.  The presumption shall be the same whether the nondisclosure is discovered prior or subsequent to the applicant's admission to the bar.  The presumption may be rebutted by clear and convincing evidence of mistake or of rehabilitation and current good character.

## SECTION 5:        INVESTIGATION, HEARING, & CONDITIONAL CERTIFICATION PROCESS

(a)    Initial Investigation.  Every applicant's moral character and fitness to practice law shall be investigated by the Bar Admissions Administrator and the

National Conference of Bar Examiners.

1.  Any concerns the Bar Admissions Administrator has will be referred to a subcommittee of two (2) members of the Commission for further investigation.

2.  In every such investigation, the Bar Admissions Administrator or the State Bar of Montana may obtain such information as bears upon the character, fitness, and general qualifications of the applicant and administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers, and documents. Any member of the Commission may administer such oaths and affirmations and have all other powers as set forth under Section 3.

3.  Objection to any applicant may be made by any person by filing with the Commission a sworn statement setting forth the basis for the objection. This statement will be made available to the applicant.

4.  The subcommittee may require sworn taped interviews with an applicant to clarify information in the application, to determine eligibility for admission, or to facilitate the investigation.

(b)     Post Investigation.  Following its investigation, the Bar Admissions Administrator or the State Bar of Montana shall recommend to the Commission that an applicant be granted certification; granted conditional certification subject to probationary terms as specified by the subcommittee; or denied certification.

1.  In the event the subcommittee recommends denial of certification for examination and/or admission, written notice shall be served upon the applicant advising the applicant as to the matters which, if proven, would preclude a favorable finding by the Commission.

2.  If such notice is served upon an applicant, the applicant shall file an answer to the notice within twenty (20) days from receipt of the notice. If an applicant fails to file an answer to the notice within such time or

within any extension of time allowed by the Commission, the matters shall be deemed admitted and the Commission shall enter findings of fact, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to the State Bar of Montana.

3. In the event the subcommittee does not agree upon a recommendation, the full Commission will decide whether to certify, conditionally certify, or deny certification for examination and/or admission. Such decision will be by a majority vote of the full Commission.

(c) Hearing. In the event the applicant is denied certification, the Commission shall notify the applicant in writing of the specific reasons for denial. The applicant shall have thirty (30) days from receipt of the decision to file a written request for hearing. The hearing panel shall consist of the remaining members of the Commission not participating in the investigation of the applicant. A majority of the hearing panel shall make the final decision.

1. The Commission shall notify the applicant in writing of the date, time, and place of such hearing and of the applicant's right to be represented by counsel at the hearing, to examine and cross-examine witnesses, to adduce evidence bearing on the aforesaid adverse matters and upon the applicant's moral character and general fitness to practice law and, for such purposes, to make reasonable use of the Commission's subpoena powers.

2. If the applicant files a written request for hearing, the applicant must supply a list of witnesses, including addresses and phone numbers, and all supporting documentation including evidence, affidavits, exhibits, etc., he or she feels is necessary to support his or her certification at least ten (10) days prior to the hearing. The applicant must supply the original and nine (9) copies of all such materials to the Commission's office, 7

9

West Sixth Avenue, Suite 2B, P.O. Box 577, Helena, MT 59624.

3. The hearings before the Commission shall be open unless the applicant requests that they be private and the panel chair rules that the applicant's individual privacy requires that the meeting be closed. In making this determination, the panel chair must find that the demands of individual privacy clearly exceed the merits of public disclosure.

4. The burden of proof shall be on the applicant to establish by clear and convincing evidence that the applicant is possessed of good moral character and general fitness to practice law.

5. Rules of Evidence need not be observed. The Commission may, in its discretion, take evidence in other than testimonial form, having the right to rely upon records and other materials furnished to the Commission in response to its request for assistance in its inquiries. The Commission may, in its further discretion, determine whether evidence to be taken in testimonial form shall be taken in person at the hearing or upon deposition, but all testimonial evidence shall in either event be taken under oath. A complete stenographic record of the hearing shall be kept, and a transcript may be ordered by the applicant at the applicant's own expense.

6. The Commission on Character and Fitness shall, when denying admission, issue written findings of fact, conclusions of law, and decision concerning the applicant's character and fitness to practice law.

(d) Conditional Certification.

1. The subcommittee or a majority of the remaining members of the full Commission may conditionally certify the applicant for examination and/or admission. The subcommittee and Commission may require specific probationary terms for admission, including, but not limited to, requiring alcohol or drug treatment, requiring medical care, requiring

10

psychological or psychiatric care, requiring professional office practice or management counseling, requiring enrollment with a consumer credit counseling service, requiring practice supervision, requiring notice to the Commission on Character and Fitness if a complaint against the applicant is filed by the Commission on Practice and/or Office of Disciplinary Counsel, and requiring professional audits or reports. The Commission may require persons to supervise the probation and may recommend that cooperation with such supervisors be a probationary term. The Commission may require a specific duration for such probationary terms.

2. If the applicant refuses the subcommittee's final terms of the conditional admission, the character and fitness process will proceed as if the subcommittee had recommended denial as provided under Section 5(b)(1) of these Rules.

(e) Failure to Comply with Stipulation. Upon failure to comply with the terms and conditions of the conditional certification stipulation, the Commission may:

1. Request evidence of compliance with the stipulation be submitted to the Commission within ten (10) days following the date of the request.

2. In the event there is continued non-compliance with the stipulation, the Commission may convene a show cause hearing at the request of the applicant applying the provisions of Section 5(c) of these Rules. Prior to completion of the conditional admission period, the Commission may conclude that violation of any probationary terms may be grounds to withdraw certification for admission and examination. After completion of the conditional admission, the Commission may conclude that violation of any probationary terms for admission may be grounds for recommendation by the Commission to the Montana Supreme Court that applicant's certification to practice law be revoked and that the

11

applicant's admission to the State Bar of Montana immediately be revoked.

## SECTION 6: SUPREME COURT REVIEW

(a)     The findings of fact, conclusions of law, and final decision of the Commission shall be conclusive unless a verified Petition for Review shall be filed by the applicant with the Montana Supreme Court within thirty (30) days following service upon the applicant of the findings, conclusions, and decision in the manner provided by these rules. A copy of the Petition for Review shall also be filed with the Commission. Within thirty (30) days of receipt of said Petition, the Commission shall transmit the entire record to the Clerk of the Supreme Court and a response to the Petition fully advising the Court as to the Commission's reasons for its decision, and admitting or contesting any assertions made by the applicant in said Petition.

(b)     Any interlocutory order of the Commission shall be subject to review as provided by Rule 17 of the Montana Rules of Appellate Procedure.

(c)     To the extent practicable, an appeal by an applicant for admission to the practice of law from a final decision of the Commission shall be governed by the rules set forth in the Montana Rules of Appellate Procedure.

(d)     If the applicant is, was, or has applied to be licensed to practice law in another jurisdiction, the Commission may provide such jurisdiction(s) with a copy of their findings of fact, conclusions of law, and final decision without prior approval from the applicant.

## SECTION 7: REAPPLICATION

Except as otherwise specified within these rules, an applicant denied certification may reapply for admission no earlier than four (4) years from the date of the final decision. "Final decision" refers to the last decision made: by the Supreme Court if the matter has been appealed, or by the Commission if it has not been

12

appealed. The applicant must be able to demonstrate, by clear and convincing evidence, rehabilitation and current fitness to practice law.